# UNITED STATES DISTRICT COURT
для the
Southern District of New York

| | |
|---|---|
| In re the Application of the Fund for Protection of Investor Rights in Foreign States pursuant to 28 U.S.C. § 1782 for an Order Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Case No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISIS IN A CIVIL ACTION**

To: _____AlixPartners, LLP 909 Third Avenue, New York, New York, 10022_____

(*Name of person to whom this subpoena is directed*)

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   ___See Document Requests in attached Subpoena Schedule___

| Place: | Date and Time: |
|---|---|
| Alston & Bird, LLP<br>90 Park Avenue<br>New York, New York 10016 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
       *CLERK OF COURT*

                                    OR

_____      _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing (*name of party*) the Fund for Protection of Investor Rights in Foreign States, who issues or requests this subpoena are: Alexander Yanos, Alston & Bird, LLP. 90 Park Avenue, New York, New York, 10016. Alex.Yanos@alston.com. (212) 210 9400.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the courts unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for (*name of individual and title, if any*) _____
on (*date*) _____ .

       [ ] I served the subpoena by delivering a copy to the named individual as follows:
_____

_____ on (*date*) _____ ; or

       [ ] I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

    My fees are $_____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true.

Date: _____        _____
*Server's Signature*

_____
*Printed Name and Title*

_____
*Server's Address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE TO SUBPOENA

# DEFINITIONS

Each undefined word shall have its usual and generally accepted meaning. Each defined word, and all variations thereof, shall have the meanings set forth below:

1. "The Fund" means the Fund for Protection of Investor Rights in Foreign States as well as any subsidiaries, divisions, affiliates, and any person acting or purporting to act on its behalf, as well as its present and former officers, directors, employees, representatives and agents.

2. "Mr. Antonov" refers to Mr. Vladimir Antonov.

3. "Snoras" means AB Bankas Snoras, as well as any former subsidiaries, divisions, affiliates, or persons, and any person acting or purporting to act on its behalf, as well as its former officers, directors, employees, representatives and agents.

4. "Lithuania" means the Republic of Lithuania, as well as any government entities, divisions, affiliates, or persons, and any person acting or purporting to act on its behalf, as well as its present and former officers, directors, employees, representatives and agents.

5. "The Treaty" means the Lithuania-Russia Bilateral Investment Treaty of 2004.

6. "AlixPartners" means AlixPartners LLP, as well as any subsidiaries, divisions, affiliates, and any person acting or purporting to act on its behalf, as well as its present and former officers, directors, employees, representatives and agents.

7. "Mr. Freakley" refers to Mr. Simon Freakley.

8. "The Investigation" means the investigation directed by Mr. Freakley at the instruction of the Bank of Lithuania into the financial state of Snoras.

9. "Communication" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and SDNY Local Rule 26.3 (c)(1), and means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and SDNY Local Rule 26.3 (c)(2), including, without limitation, "documents or electronically stored information." A draft or non-identical copy is a separate document within the meaning of this term.

11. "Identify" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and SDNY Local Rule 26.3 (c)(3) and Local Rule 26.3 (c)(4), and:

   a. When used in reference to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

   b. When used in reference to a document means to give, to the extent known the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresses(s) and recipient(s).

12. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

14. The terms "any," "all," and "each" shall be construed as encompassing any and all.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The present tense of any word used herein shall be deemed to include the past tense, and the past tense shall include the present tense.

## INSTRUCTIONS

1. Unless otherwise specified in a particular request, each request herein seeks: (i) all responsive Documents that were dated, prepared, modified, sent, or received in a period from January 1, 2011 through the present, and (ii) any Documents related to that period whenever generated.

2. Produce all Documents in the manner in which they are maintained in the usual course of your business or organize and label the Documents to correspond with the categories in this Schedule. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.

3. If and to the extent Documents are maintained in a database or other electronic format, produce, along with the Document(s), software that will enable access to the electronic Document(s) or database as you would access such electronic Document(s) or database in the ordinary course of your business.

4. Produce Documents in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

5. Any Document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of Document, (2) the general subject matter of the Document, (3) the date of the Document, and (4) such other information as is sufficient to identify the Document including the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

6. Documents attached to each other should not be separated.

7. Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by this subpoena.

8. In producing Documents and other materials, you shall furnish all Documents or things in your possession, custody or control, regardless of whether such Documents or materials are or are also possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

9. In collecting material in response to this discovery request, you shall search the electronic, e-mail, and hard copy files of all individuals, groups, or departments likely to have possessed responsive materials.

10. If you object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

11.     Each Document Request shall be construed independently and without reference to any other Document Request for the purpose of limitation. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present and vice versa.

## DOCUMENTS REQUESTED

1.     Any and all documents or communications concerning Mr. Freakley's appointment and work as Temporary Administrator of Snoras.

2.     Any and all documents or communications concerning formal or informal instructions received by Mr. Freakley or Zolfo Cooper or individuals acting under the direction or supervision of Mr. Freakley in connection with Mr. Freakley's role as Temporary Administrator of Snoras and the Investigation.

3.     Any and all documents or communications (including without limitation, financial analyses and interview notes) concerning the nature, scope, conduct, and findings of Mr. Freakley's Investigation and administration of Snoras.

4.     Any and all documents or communications, between Mr. Freakley or individuals acting under the direction or supervision of Mr. Freakley and the Bank of Lithuania or other Lithuanian government officials concerning Mr. Freakley's Investigation and administration of Snoras.

5.     Any and all reports (including drafts) prepared by Mr. Freakley or individuals acting under the direction or supervision of Mr. Freakley concerning his administration and Investigation of Snoras.