# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Alexander A. Yanos         Direct Dial: 212-210-9584         Email: alex.yanos@alston.com

**VIA ELECTRONIC COURT FILING**

January 13, 2020

The Honorable Analisa Torres
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re the Application of the Fund for Protection of Investor Rights in Foreign States*, No. 1:19-mc-00401 (S.D.N.Y.) (AT)

Dear Judge Torres:

On behalf of the Fund for Protection of Investor Rights in Foreign States (the "Fund" or "the Applicant"), I write respectfully to bring to the Court's attention a recent Procedural Order issued by the Tribunal in the investment treaty arbitration against Lithuania underlying the Applicant's pending application for leave to obtain third-party discovery pursuant to 28 U.S.C. § 1782 ("Section 1782").[1]  A copy of the Tribunal's December 18, 2019 Procedural Order (the "Order") is attached as Annex A.

In August 2019, the Fund filed an *ex parte* Application pursuant to Section 1782 to obtain third-party discovery from Mr. Simon Freakley and AlixPartners LLP, for use in an investment treaty arbitration against Lithuania.  Mr. Freakley and AlixPartners subsequently opposed the Application, arguing, among other things, that the Tribunal would not be receptive to this Court's assistance pursuant to Section 1782.  Shortly thereafter, Lithuania asked the fully-constituted arbitral Tribunal to order the Applicant to withdraw this proceeding.[2]  The Applicant opposed Lithuania's request.

---

[1] Capitalized terms that are use but not defined herein shall have the same meaning as ascribed to them in the Reply in Further Support of *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 For an Order Compelling Discovery For Use In A Foreign Proceeding (ECF No. 21).

[2] The Tribunal was constituted on December 9, 2019.  It consists of three arbitrators: Professor William W. Park, appointed by the Fund; Christopher Thomas QC, appointed

Alston & Bird LLP                                                                                                     www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

The Honorable Analisa Torres
U.S. District Judge
January 13, 2020
Page 2

On December 18, 2019, the Tribunal rejected Lithuania's request and ruled that it would "not prevent the continuation of [the New York] proceedings that importantly preceded the constitution of the present Tribunal and do not appear to create a risk for this arbitration," and noted that the Fund's Application is "a matter for the NY Court to decide." *See* Order, ¶ 26.

With respect to the factors set out by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), the Order provides no reason for this Court to depart from the Second Circuit's controlling presumption that a foreign tribunal will be receptive to assistance pursuant to Section 1782. *See In re Application of Euromepa S.A.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (requiring "authoritative proof" that a foreign tribunal would reject evidence obtained pursuant to Section 1782). At the same time, the Tribunal's Order reflects no concern on the Tribunal's part about the Fund's Application falling afoul of any "proof-gathering restrictions" and instead notes the Tribunal's own authority in due course to pass upon the admissibility of evidence presented to it.

For the reasons set out in the Fund's prior submissions, the Fund's Application for third-party discovery from Mr. Freakley and AlixPartners should be granted.

Respectfully submitted,

Alexander A. Yanos

*Counsel for Applicant,*
*Fund for the Protection of Investor*
*Rights in Foreign States*

---

by Lithuania; and Mr. Laurent Lévy, appointed by agreement of the parties as presiding arbitrator.

# Annex A

**UNCITRAL Investment Arbitration under the Agreement between the Government of the Russian Federation and the Government of the Republic of Lithuania on the Promotion and Reciprocal Protection of the Investments**

**BETWEEN**

**FUND FOR PROTECTION OF INVESTORS' RIGHTS IN FOREIGN STATES**

Claimant

**v.**

**THE REPUBLIC OF LITHUANIA**

Respondent

---

**Order on the Respondent's Request regarding the Claimant's application pursuant to Section 1782 of 28 U.S.C.**

---

**The Arbitral Tribunal:**
Dr. Laurent Lévy (Presiding Arbitrator)
Christopher Thomas QC
Prof. William Park

**Table of Content**

I. PROCEDURAL BACKGROUND ..................................................................................1
   A. THE PARTIES AND THE TRIBUNAL ..................................................................1
   B. THE PROCEDURAL HISTORY ............................................................................3
II. THE PARTIES' POSITIONS AND THE TRIBUNAL'S ANALYSIS ........................3
   A. RESPONDENT ......................................................................................................3
   B. CLAIMANT ..........................................................................................................5
   C. THE TRIBUNAL'S ANALYSIS ............................................................................6
III. ORDER ..........................................................................................................................7

## I.   PROCEDURAL BACKGROUND

### A.   THE PARTIES AND THE TRIBUNAL

1.  The Claimant, Fund for Protection of Investors' Rights in Foreign States, is a Russian investment fund (the "**Claimant**") incorporated in accordance with the laws of the Russian Federation with its registered address at:

    Kashtanovaya Alley, 143И, Office 7
    Kaliningrad, Russia

2.  The Claimant is represented by:

    Mr. Alexander Yanos
    Mr. Carlos Ramos-Mrosovsky
    Mr. Rajat Rana
    **Alston&Bird**
    90 Park Avenue
    New York, NY 10016
    Tel: 212-210-9400

    Mr. Dmitry Dyakin
    Mr. Vladimir Pestrikov
    Mr. Vsevolod Taraskin
    Ms. Veronika Burachevskaya
    Ms. Olga Kuprenkova
    Ms. Veronika Lakhno
    **Egorov Puginsky Afanasiev & Partners**
    21, 1st Tverskaya-Yamskaya Str.
    125047, Moscow, Russia
    Tel: +7(495) 935 80 10

    Emails:  alex.yanos@alston.com
                carlos.ramos-mrosovsky@alston.com
                rajat.rana@alston.com
                dmitry_dyakin@epam.ru
                vladimir_pestrikov@epam.ru
                vsevolod_taraskin@epam.ru
                veronika_burachevskaya@epam.ru
                olga_kuprenkova@epam.ru
                veronika_lakhno@epam.ru

3.  The Respondent is the Republic of Lithuania (the "**Respondent**", "**Lithuania**" or "the **Republic**").

4.  The Respondent is represented in this arbitration by:

    Ms. Mariana Lozza
    **DLA Piper (Argentina)**
    900 Eduardo Madero Avenue

1

Floor No. 16 (C1106ACV)
Buenos Aires, Argentina
Tel: +54 11 4114 5521

Ms. Vilija Vaitkute Pavan
**Ellex Valiunas**
Jogailos st. 9, 01116
Vilnius, Lithuania
Tel: + 370 5 268 1888

Emails:  m.lozza@dlapiper.com.ar
vilija.vaitkute.pavan@ellex.lt

With courtesy copies to: kate.browndevejar@dlapiper.com
ben.sanderson@dlapiper.com
m.schnabl@dlapiper.com.ar
m.etchebarne@dlapiper.com.ar
ramunas.petravicius@ellex.lt
giedre.aukstuoliene@ellex.lt
giedrius.stasevicius@ellex.lt

**Ministry of Finance of the Republic of Lithuania**
Lukiškių Str. 2 01512
Vilnius Lithuania
Tel: +370 5 239 0005
Emails:  akvile.kalantaite@finmin.lt
agne.grigaite@finmin.lt
vilma.macerauskiene@finmin.lt

5. The Arbitral Tribunal is composed of:

Dr. Laurent Lévy (President)
Lévy Kaufmann-Kohler
3-5, rue du Conseil-Général
P.O. Box 552
1211 Geneva 4
Switzerland
Email: laurent.levy@lk-k.com

Christopher Thomas QC (Arbitrator)
1200 Waterfront Center
200 Burrard Street
P.O. Box 48600
V7X1T2
Vancouver, BC
Canada
Email: jcthomas@thomas.ca

Prof. William Park (Arbitrator)
Boston University Law Faculty
765 Commonwealth Avenue
Boston, Massachusetts 02215
United States of America
Email: wwpark@bu.edu

2

### B. THE PROCEDURAL HISTORY

6. On 29 April 2019, the Claimant filed the Notice of Arbitration against the Respondent, pursuant to Article 10 of the Agreement between the Government of the Russian Federation and the Government of the Republic of Lithuania on the Promotion and Reciprocal Protection of the Investments signed on 29 June 1999 and entered into force on 24 May 2004 and Article 3 of the UNCITRAL Arbitration Rules 1976 (the "**UNCITRAL Rules**").

7. On 29 August 2019, the Claimant filed an *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 for an Order Granting Leave to Obtain Discovery for Use in a Foreign Proceeding (the "**1782 Application**") before the U.S. District Court in the Southern District of New York (the "**NY Court**"). The 1782 Application seeks an order granting leave to obtain third-party discovery from Mr. Simon Freakley ("**Mr. Freakley**") and AlixPartners LLP ("**AlixPartners**") for the use in this arbitration.

8. On 1 October 2019, AlixPartners and Mr. Freakley filed a Response in Opposition to the 1782 Application. On 15 October 2019, the Claimant filed its Reply in Further Support of the 1782 Application.

9. On 23 October 2019, Dr. Laurent Lévy accepted his appointment as the President of the Tribunal, following the joint proposal of Prof. William Park and Christopher Thomas QC appointed by the Parties on 20 August 2019 and 19 September 2019 respectively.

10. On 8 November 2019, the Respondent filed a Letter in connection with the 1782 Application (the "**Request**") asking the Tribunal to order the Claimant to withdraw the 1782 Application. On 4 December 2019, the Claimant responded to the Request (the "**Response to the Request**").

## II. THE PARTIES' POSITIONS AND THE TRIBUNAL'S ANALYSIS

### A. RESPONDENT

11. The Respondent requests that the Claimant be restrained from further pursuing its 1782 Application before the NY Court for the following three main reasons.

12. First, the Tribunal is better placed than the NY Court to decide on evidentiary matters. For the Respondent, the appropriate procedure for obtaining the evidence that the Claimant seeks to obtain before the NY Court would be "to make a request for

3

production of such evidence, at the appropriate time, before this Tribunal".[1] According to the Respondent, the Tribunal would be able to assess the relevance and materiality of the evidence sought by the Claimant and evaluate any objections or defences that the Respondent might raise, which is an issue not yet before the Tribunal. The Respondent contends that the Claimant failed to assert that the evidence sought though the 1782 Application is not in the possession, custody or control of the Respondent. Thus, it would be possible for the Claimant to request the documents at issue in this arbitration.[2]

13. Second, the Respondent does not participate or is otherwise a party to the 1782 Application proceedings. This puts the Respondent at a severe disadvantage, because it cannot raise objections with respect to the evidence sought by the Claimant before the NY Court.[3] Moreover, with its 1782 Application the Claimant seeks to benefit from evidentiary practices that are not usually permitted in international arbitration, namely, to depose Mr. Freakley. If the NY Court were to grant such a request, the Respondent, in turn, would not be able to depose the Claimant's witnesses for the purposes of this arbitration.[4] The Claimant may also make it impossible to call Mr. Freakley as a witness for the Respondent's defence.[5]

14. Third, the evidence sought by the Claimant is protected by the banking law of the Republic of Lithuania.[6]

15. In light of the above, in order to safeguard the integrity of the proceedings, due process, and equality of arms, the Respondent asks the Tribunal to exercise its power under Article 24(3) of the UNCITRAL Rules and order the Claimant:

> (i) to withdraw the Claimant's 1782 Application;
>
> (ii) to refrain from initiating any parallel proceedings that may interfere with the power of this Arbitral Tribunal pursuant to Article 24(3) of the 1976 UNCITRAL Arbitration Rules to control the taking of evidence in this case and generate additional and unnecessary costs; and,
>
> (iii) to bear any cost incurred by the Republic in connection with the Claimant's 1782 Application, and with this present request.[7]

---

[1] Request, p. 3.
[2] *Ibid.*
[3] *Ibid.*
[4] *Ibid.*, p. 4.
[5] *Ibid.*
[6] *Ibid.*, p. 3.
[7] *Ibid.*, p. 5.

4

B. CLAIMANT

16. In the Response to the Request, the Claimant contests the Respondent's arguments as follows.

17. First, the success of the 1782 Application does not prejudice the Respondent's rights in this arbitration. The Respondent has the opportunity at the appropriate later stage to object to the admissibility of any evidence obtained pursuant to the 1782 Application. The Request is thus premature. [8] Regardless, contrary to the Respondent's submissions, not only the Respondent had the opportunity to participate directly in the proceedings before the NY Court and chose not to,[9] but is currently participating indirectly. Indeed, Lithuania's counsel in this arbitration and a lawyer employed by the Bank of Lithuania each provided a sworn statement to Mr. Freakley and AlixPartners concerning Lithuanian banking law.[10]

18. Second, the filing of the 1782 Application was appropriate because: (i) it occurred prior to the Tribunal's constitution;[11] (ii) the Tribunal would not be able to compel Mr. Freakley and AlixPartners to produce evidence for this arbitration as that would exceed the Tribunal's jurisdiction.[12] Moreover, there are good reasons to believe that the Respondent is not in the possession, custody or control of the information subject of the 1782 Application, as it is at the disposal of Mr. Freakley and AlixPartners.[13] Furthermore, the proceedings before the NY Court would not affect the ability of Mr. Freakley to appear as a witness for the Respondent's defence in this arbitration.

19. Finally, arbitral tribunals have consistently allowed the evidence obtained pursuant to Section 1782 of Title 28 U.S.C. The Claimant refers to *Glencore Finance v. Bolivia*,[14] *Mesa Power Group v. Canada,*[15] and *Methanex v. USA* in this respect.[16]

20. For the reasons set out above, the Claimant "*requests that the Tribunal reject Lithuania's request and reserves all rights to seek related costs*".[17]

---

[8] Response to the Request, pp. 2, 7-8.
[9] *Ibid.*, pp. 2, 8.
[10] *Ibid.*, p. 9.
[11] *Ibid.*, p. 5.
[12] *Ibid.*, pp. 6-7.
[13] *Ibid.*, p. 7.
[14] *Glencore Finance (Bermuda) Limited v. Plurinational State of Bolivia*, PCA Case No. 2016-39, Procedural Order No. 3 of 31 January 2018 (**CL-01**).
[15] *Mesa Power Group, LLC v. Government of Canada,* PCA Case No. 2012-17, Procedural Order No. 3 of 28 March 2013 (**CL-02**).
[16] *Methanex Corp. v. United States*, Letter from Tribunal to the Disputing Parties of 16 March 2004 (**CL-03**).
[17] Response to the Request, p. 10.

### C. THE TRIBUNAL'S ANALYSIS

21. From the outset, the Tribunal considers that, even though it mostly deals with evidentiary matters, the Respondent's Request qualifies as a request for provisional measures. Indeed, the Respondent asks the Tribunal to compel the Claimant to pursue a particular conduct, *i.e.* to withdraw its 1782 Application. The Tribunal will therefore assess whether the Respondent's Request satisfies the legal standard applicable to requests for provisional measures.

22. It is widely accepted that a request for provisional measures should meet at least the following requirements:

    i. the tribunal must have a *prima facie* jurisdiction over the dispute;
    ii. the party requesting provisional measures must demonstrate the risk of irreparable harm; and
    iii. the party requesting provisional measures must demonstrate that the harm is imminent.

23. The foregoing requirements are cumulative. Therefore, should the Respondent fail to meet its burden under any of the requirements, the request must be dismissed. In this regard, the Tribunal considers that the Respondent fails to demonstrate that the 1782 Application entails a risk of irreparable harm.

24. Indeed, the Respondent has not shown convincingly that the handing down of the NY Court's decision possibly granting the 1782 Application would in itself be prejudicial to its rights in this arbitration. Likewise, the Respondent fails to prove that it would suffer a procedural harm if the Claimant would have access to the evidence sought in the NY court earlier than the Respondent would in this arbitration. Nor has the Respondent discharged its burden of proving that the Claimant's conduct would discourage Mr. Freakley from participating in this arbitration as a witness.

25. Notably, the Respondent will be able to contest any evidence that might be obtained pursuant to the Claimant's 1782 Application, if granted, before the Tribunal. In particular, as argued by the Claimant, the Respondent will have the opportunity in due course to object to the admissibility of any such evidence at issue - if the Claimant introduces it into the record - on the basis of privilege allegedly accorded to this evidence by Lithuanian banking law. The Tribunal, however, does not intend to decide any admissibility issues at this stage, even though the Respondent argued that the

Tribunal should not be receptive to allowing the evidence that the Claimant could obtain pursuant to the 1782 Application.[18] It would be premature to do so.

26. In sum, the Tribunal will not make any determination on the merits of the Claimant's action in the NY Court, a matter for the NY Court to decide. The Tribunal will therefore not prevent the continuation of those proceedings that importantly preceded the constitution of the present Tribunal and do not appear to create a real risk for this arbitration. This, however, does not imply that the Claimant could not obtain the evidence it is seeking before the NY Court within the course of this arbitration.

27. The Tribunal considers it appropriate to reserve costs for subsequent determination.

### III. ORDER

28. In light of the above, the Tribunal

    *i.*   Dismisses the Respondent's request to order the Claimant to withdraw the 1782 Application;

    *ii.*  Dismisses the Respondent's request to restrain the Claimant from initiating any parallel proceedings that may interfere with the power of this Tribunal pursuant to Article 24(3) of the UNCITRAL Rules to control the taking of evidence in this case and generate additional and unnecessary costs; and

    *iii.* Dismisses the Respondent's request to order the Claimant to bear any costs incurred by the Respondent in connection with the 1782 Application and the Respondent's Request of 8 November 2019.

**Date**: 18.12.2019

Dr. Laurent Lévy
Presiding Arbitrator

---

[18] Request, p. 4.

7